Slip Op. 99 - 77

# *UNITED STATES COURT OF INTERNATIONAL TRADE*

| | |
|---|---|
| THE UNITED STATES, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :    **Before: MUSGRAVE, JUDGE** |
| | : |
| JOSEPH ALMANY, d/b/a/ J.A. IMPORTS, | :    Court No. 96-02-00384 |
| DAVID JORDAN, INC., and | : |
| FAR WEST INSURANCE COMPANY, | : |
| | : |
| Defendants. | : |
| | : |

**ORDER**

In Slip Op. 98-72 (June 23, 1998), this Court granted partial summary judgment by default in favor of plaintiff and ordered defendants Joseph Almany and David Jordan, Inc. to pay to the United States Customs Service $5,016.87, plus interest, for lost duties resulting from "the violation" of 19 U.S.C. § 1592. The parties were ordered to confer and submit a scheduling order for trial within 30 days from the date of Slip Op. 98-72 (subsequently amended), for determination of whether defendant Joseph Almany's violation of 19 U.S.C. § 1592 constituted fraud, gross negligence or negligence[1]. Thereafter the Court issued *sua sponte* Slip Op. 98-73 (June 4, 1998) to "clarify the question of representation." Previously, defendants Joseph Almany and David Jordan,

---

[1] Slip Op. 98-72 also ordered defendant Joseph Almany to indemnify and exonerate co-defendant Far West Insurance Company ("Far West"), as cross-claimant, from liability under its continuous bond for the merchandise and lost customs duties at issue and removed Far West "as a party from this case." That order was superceded in Slip Op. 98-129 (September 10, 1998) by judgment in favor of Far West's cross-claims for exoneration from both co-defendants, Joseph Almany and David Jordan, Inc., for all or any portion of the bonded amount paid to plaintiff.

Inc., had attempted "substitution" of their attorney, David K. Geren, by filing a document entitled

"Substitution of Attorney." In Slip Op. 98-66 (May 9, 1998), that filing was determined defective,

and Mr. Geren was ordered to submit a proper motion for withdrawal that would comply with

USCIT Rule 75(d) and Form 12 within 10 days. Mr. Geren had not responded by the time of

issuance of Slip Op. 98-72. Slip Op. 98-73 thus stated: "Mr. Almany may choose to represent

himself *pro se*, as apparently was intended in [filing the] faulty Substitution, but . . . the corporate

entity of David Jordan, Inc., requires counsel to proceed in this court." Again Mr. Geren was ordered

to make the proper motion and submit the proper documents within 10 days, if proper substitution

were to be accomplished.

The Court may accept defendant Joseph Almany's *pro se* representation. However, in the

absence of proper withdrawal and substitution, the attorney of record in this action, David K. Geren,

Esq., is obligated to represent the corporate defendant David Jordan, Inc. in these proceedings. *See*

USCIT Rule 75. It goes without saying that one ignores the order of this Court at his own peril.

Only July 2, 1998, the plaintiff moved for "clarification" of Slip Op. 98-72 (as amended).

The motion renews the government's request for a ruling on "the liability of defendants . . . for

*fraudulent* violations of 19 U.S.C. § 1592" (emphasis in original):

> [P]laintiff believes that the Court's statement, in the Order dated June 3, 1998, that
> the parties schedule a trial date 'at which it will be determined whether defendant
> Joseph Almany's violation . . . constituted fraud, gross negligence or negligence'
> conflicts with the finding that all the facts relevant to this issue have already been
> 'conclusively established'. Because no facts bearing upon the culpability level of the
> defendants violations remain to be determined, this Court should issue a revision to
> its opinion to grant summary judgment in favor of the United States against
> defendants Joseph Almany, d/b/a J.A. Imports and David Jordan, Inc. for 23
> *fraudulent* violations of 19 U.S.C. § 1592.

Under USCIT Rule 7(d), unless otherwise ordered a party must respond to a dispositive motion within 30 days. No response was received from either defendant, therefore by letter dated April 22, 1999, the *pro se* defendant Joseph Almany was notified that the Court had "received no response from you or your former attorney, David Geren." The letter stated the Court would allow 60 days within which a response would be entertained. The Court received Mr. Almany's response dated June 3, 1999, which states he is "willing to pay the sum of $5,016.87 in order to satisfy the judgment entered on June 6, 1998 . . . [with the] understanding and condition, however, that no other amount such as interest will be added to said $5,016.87." The Court desires the government's reply thereto. As for defendant David Jordan, Inc., Mr. Geren's response on its behalf was due by August 1, 1998, however, since an order for the government's views is hereby issued, an order for Mr. Geren's response will ensue. Therefore, it is hereby:

ORDERED that counsel for defendant David Jordan, Inc. file a response to Plaintiff's Motion for Clarification of the Court's Opinion and Order dated June 3, 1998, by Friday, August 20, 1999; and it is further

ORDERED that counsel for plaintiff United States file a reply to the response of defendant Joseph Almany dated April 22, 1999, and any response by defendant David Jordan, Inc., by Tuesday, September 7, 1999.

_____
R. KENTON MUSGRAVE
JUDGE

Dated: August 9, 1999
      New York, New York